Edward S. Silver, S.
This is a motion by a witness, directed by an order to appear for examination, for a protective order pursuant to CPLR 3103 (subd. [a]) and 2304 against the taking of his oral deposition, quashing the subpoenas served upon him on the grounds that the evidence sought is hearsay and immaterial to the issues and that the use of the subpoenas for the purposes herein is arbitrary, unnecessary and oppressive.
The witness is engaged in the business of conducting investigations in estate matters for a percentage of claimants’ interest therein (cf. Matter of Lynch, 154 Misc. 260; Matter of Wellington, 154 Misc. 271). It appears that the witness approached the petitioner and offered to conduct an investigation for a fee *343 in connection with an inheritance that petitioner might be entitled to in this estate. Petitioner informed the witness that he did not care to engage him. The witness, however, left a proposed agreement in the event petitioner wished to reconsider the offer. The proposed agreement reads in part as follows : “ In consideration of your investigation in connection with an inheritance to which I am or may be entitled, I hereby agree to pay one-third of any amount which may be collected for me.” The witness allegedly contacted other interested persons in this estate with a similar design, but none of them engaged him.
On or about March 3,1965 the witness telephoned an attorney associated with the law firm representing petitioner, and told him that he, the witness, had documentary evidence vital in this proceeding and offered to turn over said evidence to petitioner’s attorneys for 10% of the net estate. The witness’ offer was again rejected by petitioner. Thereafter, under date of April 1, 1965, the witness wrote directly to the petitioner stating in part as follows: ‘ ‘ your attorneys, have subpoenaed me to testify, apparently in the hope that they will thereby secure proof necessary to establish your right to inherit. This, of course, is an attempt to obtain the results of my skill and work without compensating me. I do not know whether your attorneys will be successful without my assistance. * * * If they persist in their present efforts, I will refuse to deal with them at any time, however necessary my services may be ”.
It is apparent that the witness projected himself in the matters pertaining to the proceeding pending in this court. He has not specifically denied any of the material facts except that belatedly he asserts that he does not have any documentary evidence and that his testimony would be immaterial, hearsay and of no relevancy to the issues which could be used at the trial. He further contends that petitioner has not shown that he, the witness, has exclusive knowledge of the facts. Finally, the witness claims that he is an expert and it is unconscionable to require him to give the fruits of his investigation without compensation.
The authorities relied upon by the witness are distinguishable by the facts and circumstances in this case. The witness’ involvement in this proceeding cannot be dismissed by his assertions of not having any documentary evidence and that he is an expert who must be paid to give testimony in court. An investigator may be entitled to compensation for the fruits of his labor. That is not the fact or issue here. The witness’ alleged claim that he had documentary evidence vital in this proceeding constitutes special circumstances which warrant a
*344 full disclosure. The present position taken by the witness borders very close to being a violation of section 814 of the Penal Law entitled “ Suppressing evidence.” An expert may be examined and required to testify to facts within his knowledge even though such knowledge is acquired because of special learning, study or skill (People ex rel. Deuel v. Shaw, 259 App. Div. 977, mot. for rearg. den. 259 App. Div. 1072, mot. for lv. to app. den. 284 N. Y. 821; 77 ALR 2d 1186).
The motion, in the court’s discretion, is denied. The witness shall appear for examination pursuant to CPLB 3101 et seq., at a time and place to be designated in the order hereon, as to all relevant matters in issue, and produce for use upon such examination the books, records, documents and other papers, specified in the subpoena duces tecum, relevant to the issues herein which may be in Ms possession or control (Matter of Dawn Operators v. Lyon, 283 App. Div. 358, app. dsmd. 307 N. Y. 673).